IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARCUS PRESLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.  2:15-cv-01461-JHH-TMP |
| ) | |
| JEFFERSON S. DUNN, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This is an action by an Alabama state prisoner pursuant to 28 U.S.C. § 2254, challenging the constitutional validity of the conviction he received for capital murder-robbery.  Marcus Presley ("Petitioner") was convicted in the Shelby County Circuit Court on September 27, 1997.  Petitioner filed his current petition for writ of *habeas corpus* on August 25, 2015.  He is confined at the Donaldson Correctional Facility in Bessemer, Alabama.

## PROCEDURAL HISTORY

The petitioner was convicted of capital murder-robbery following a jury trial in the Shelby County Circuit Court on September 27, 1997.  He was sixteen years old at the time of the offense.  Originally, the petitioner was sentenced to death.  The

Alabama Court of Criminal Appeals affirmed the conviction and original sentence in a published opinion dated January 15, 1999.  The Alabama Supreme Court affirmed by published opinion on January 28, 2000.  The petitioner filed a petition for post-conviction relief in the trial court, which was dismissed on May 26, 2005.  On June 21, 2005, the trial court vacated the petitioner's death sentence pursuant to Roper v. Simmons, 543 U.S. 551, and he was sentenced to life without parole.  On August 11, 2006, the Alabama Court of Criminal Appeals affirmed the trial court's dismissal of the petition for collateral relief, and the Alabama Supreme Court denied his petition for writ of *certiorari* on October 13, 2006.

The petitioner filed his first petition for *habeas corpus* in this court on October 16, 2006.  The case was styled as Presley v. Allen, Case No. 2:06-cv-02075-LSC-TMP.  The magistrate judge filed his Report and Recommendation on August 9, 2007, recommending that the petition be dismissed with prejudice.  The Report and Recommendation was adopted, and the *habeas* petition was dismissed by the district court on August 29, 2007.

The petitioner filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 in this court on August 25, 2015.  (Doc. 1).  The petition challenges the same conviction and sentence that was challenged by his first *habeas* petition.  Along with the petition, the petitioner filed a Notice of his filing an application with

2

the Eleventh Circuit Court of Appeals for leave to file a second or successive *habeas* petition. Pursuant to the Notice, the court issued an Order staying the case. On September 14, 2015, the Eleventh Circuit denied the petitioner's application to file a second or successive *habeas* petition as well as his motion to stay the proceedings. The Eleventh Circuit provided a copy of the Order to this court. (Doc. 5).

## DISCUSSION

Effective April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") made several changes in the law relating to *habeas corpus* procedure. One of the changes was an amendment to 28 U.S.C. § 2244(b) that added the following provision:

> (3)(A)  Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The clear effect of this provision is to establish a statutory precondition to the filing of a "second or successive" *habeas* petition, requiring the applicant to obtain the authorization of the United States Court of Appeals for the Eleventh Circuit before the petition is filed in the district court. The purpose of the statute is to prevent the filing of successive petitions and to deprive the district court of jurisdiction to

consider successive petitions unless and until it has been authorized by the appropriate court of appeals.

The Eleventh Circuit, by statute, is the court to determine whether the petitioner has asserted a claim for which successive *habeas* application is permitted. The Eleventh Circuit, if it determines in the affirmative, may grant Petitioner leave to file a successive *habeas* claim with this court, and grant this court leave to consider it. If the petitioner is not authorized by the Eleventh Circuit to file his successive *habeas* petition, this court, according to the terms of the statute, does not have jurisdiction to consider the petition. In the instant case, the Eleventh Circuit has denied the petitioner's application to file a second or successive petition. (Doc. 5). Accordingly, this court is without jurisdiction to adjudicate the petitioner's claim, and the petition is due to be dismissed pursuant to 28 U.S.C. § 2244(b)(3)(A). A final order will be entered contemporaneously herewith.

**DONE** this the 16th day of November, 2015.

                                                          *James H. Hancock*
                                        SENIOR UNITED STATES DISTRICT JUDGE